McCADDON v. CENTRAL TRUST CO. et al.   (No. 6824.)

(Supreme Court, Appellate Division, First Department. February 5, 1915.)

INJUNCTION (§ 137\*)—PROTECTION PENDENTE LITE—BONDS—TRANSFER BY TRUSTEE UNDER MORTGAGE.

    Where plaintiff is seeking to force defendant trust company to issue permanent bonds of a foreign corporation to him in exchange for a temporary receipt, such bonds being in the hands of defendant trust company as trustee under the mortgage securing them, an injunction forbidding the defendant pendente lite to deliver any bonds to any other holder of a temporary receipt is manifestly improper.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec.. Dig. § 137.\*]

Appeal from Special Term, New York County.

Action by Joseph T. McCaddon against the Central Trust Company and another. From an order granting an injunction pendente lite, defendant named appeals. Reversed.

See, also, 150 N. Y. Supp. 1094.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John M. Perry, of New York City, for appellant.
William P. Maloney, of New York City, for respondent.

SCOTT, J. The defendant trust company is the trustee under a mortgage executed by a foreign corporation to secure an issue of $3,-000,000 bonds. Temporary receipts were issued to the subscribers for those bonds, to be exchanged for the permanent bonds when prepared. The permanent bonds have now been placed in the hands of the defendant trust company for exchange. Plaintiff claims to be the owner of a temporary receipt, and entitled to receive in exchange therefor permanent bonds. For some reason, not disclosed by the moving papers, the mortgagor corporation has not deposited with the trust company permanent bonds to be exchanged for plaintiff's temporary receipt.

The order appealed from enjoins defendant trust company from delivering to any other holder of a temporary receipt (none of whom are parties to the action) the permanent bonds to which it is apparently not denied by any one, including the plaintiff, that they are entitled. It is quite apparent that the injunction must have been granted by inadver-

tence. To prevent others from receiving the bonds to which they are entitled cannot be said to be in furtherance of any claim plaintiff may have that bonds be issued to him.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.